■ KATHRYN O'CONNELL, as Administratrix of the Estate of DANIEL O'CONNELL, Deceased, Appellant, v. METROPOLITAN LIFE INSURANCE Co. et al., Respondents.— In a negligence action to recover damages for the wrongful death of plaintiff's intestate, who was killed when he fell while working at one of the upper floors of a building under construction, plaintiff appeals from so much of a judgment of the Supreme Court, Kings County, entered May 4, 1960, as dismisses the complaint upon the merits as to both defendants, after a nonjury trial. Judgment insofar as appealed from affirmed, with costs. No opinion. Nolan, P. J., Ughetta, Christ and Brennan, JJ., concur; Kleinfeld, J., dissents and votes to grant a new trial, with the following memorandum: Decedent was fatally injured, while employed in building construction, when he fell from an opening in an upper story. Defendants are the owner and general contractor, respectively, of the building upon which decedent was so employed. Section 241 of the Labor Law was pleaded by plaintiff, and is applicable. Pursuant to subdivision 6 of said statute, the Board of Standards and Appeals of the State of New York promulgated applicable rules requiring protection of openings by railings, life nets or safety belts (Rules of the Board of Standards and Appeals, Department of Labor, Industrial Code Rule No. 23, § 23–3.9).

Here no such protection was provided. Violation of these rules is evidence of negligence (*I allina* v. *Wright & Kremers*, 7 A D 2d 101). In my opinion, plaintiff proved a prima facie case. Accordingly, I am constrained to disagree with the conclusion of the learned trial court to the effect that plaintiff failed to prove actionable negligence on the part of the defendants.